UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ZORAIDA GONZALEZ,

                Plaintiff,                05 Civ. 1139

   -against-                           OPINION

K-MART CORPORATION,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    WEISER & ASSOCIATES
    215 Lexington Avenue, 18th Floor
    New York, NY 10016
    By: Bernard A. Anderson, Esq.


    Attorneys for Defendant

    SIMMONS, JANNACE & STAGG, L.L.P.
    75 Jackson Avenue, Suite 100
    Syosset, NY 11791
    By: Michael D. Kern, Esq.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/08

**Sweet, D.J.**

Defendant K-Mart Corporation ("K-Mart" or the "Defendant") has moved pursuant to Rule 56, Fed. R. Civ. P., for summary judgment to dismiss the slip-and-fall complaint of plaintiff Zoraida Gonzalez ("Gonzalez" or the "Plaintiff"). On the facts and conclusions set forth below, the motion is granted and the Complaint dismissed.

**Prior Proceedings**

The Complaint was filed in the Supreme Court of the State of New York, County of New York, in December 2004, alleging that Defendant negligently caused Plaintiff to slip and fall while shopping at K-Mart. On February 1, 2005, the action was removed to this Court pursuant to 28 U.S.C. § 1332. Discovery proceeded, and the instant motion was marked fully submitted on April 9, 2008.

**The Facts**

The facts are set forth in the K-Mart Statement of Facts pursuant to Rule 56.1 ("K-Mart Statement"), Plaintiff's Affirmation in Opposition ("Gonzalez

1

Statement"), the affidavits of Pernell John ("John Decl.") and Juan Lazo, both of whom worked at the K-Mart store where the fall took place, and Plaintiff's Deposition of August 2, 2005. The facts are not in material dispute except as noted below.

On June 1, 2004, Gonzalez arrived at K-Mart, located at 1 Penn Plaza, with her mother, Felicita Hernandez, her daughter, Zoraida Hernandez, and her cousin, Jose Cosme. Gonzalez entered the store at approximately 8:45 p.m., and proceeded to the Health and Beauty Department on the store's lower level.

Two to three steps into an aisle in the Health and Beauty Department, Gonzalez slipped and fell. At the time she entered the aisle where her accident took place, Gonzalez's mother, daughter, and cousin were elsewhere in the store. Immediately prior to her fall, Plaintiff noticed a customer walking toward her and a K-Mart employee approximately two aisles over.

Gonzalez did not see what she slipped on prior to her accident. The aisle where the fall took place was well lit, and she did not have any problems seeing. After the

2

accident, Gonzalez looked on the floor and saw a circular puddle of clear hair gel approximately eight-by-eleven inches in size. Gonzalez does not know how the gel came to be on the floor or how long the gel had been there. She does not know if anyone complained to K-Mart about the hair gel prior to her accident.

After the fall, K-Mart employee Pernell T. John ("John") came upon Gonzalez and observed her in a "semi-sitting" position on the floor of the aisle containing hair care products with her legs flat on the floor and leaning to the right side. Gonzalez was taken by ambulance to St. Vincent's Hospital, and upon later medical testing and treatment it was determined that, as a result of the fall, she sustained injuries to her left shoulder, neck and upper extremities, including complex regional pain syndrome, and bilateral carpal tunnel syndrome requiring surgical intervention.

John was a K-Mart associate who worked in the Health and Beauty Department of the 1 Penn Plaza store. As an associate, John was responsible for inspecting the floor, helping customers, and maintaining the Department. Part of his duties included walking the floor once every

thirty minutes to make sure that the floor was in a safe condition.

Additionally, throughout the day, K-Mart loss prevention employees, store management, and maintenance personnel would patrol the entire store, including the Health and Beauty Department. This procedure ensured that the store was inspected at least once every ten to fifteen minutes when open.

On the day of the incident, at approximately 9:30 p.m., John was conducting a walk through the Health and Beauty Department when he noticed a jar of hair gel with a loose top and a puddle of hair gel on the floor. John did not know who spilled the gel or how long it had been on the floor before he discovered it. No one from K-Mart had received any complaints regarding the hair gel prior to his noticing it.

John picked up the hair gel container and went to retrieve a hazard sign, which he could not locate. He then walked to the service desk approximately fifty feet away to retrieve cleaning materials. Two to three minutes passed between the time John first observed the spill and the time

he returned with paper towels to clean it up. Gonzalez's fall occurred during this time.

**Summary Judgment Standard**

Defendant moves for summary judgment of Plaintiff's claim pursuant to Fed. R. Civ. P. 56(b). Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 338 (2d Cir. 2004). The courts do not try issues of fact on a motion for summary judgment, but, rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). In

determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002). However, "the non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of the events is not wholly fanciful." Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999) (quotation omitted).

Local Civil Rule 56.1(a) requires a motion for summary judgment to be accompanied by a statement, in numbered paragraphs, of material facts as to which the moving party contends there is no genuine issue to be tried. Local Civil Rule 56.1(b) requires that "[t]he papers opposing a motion for summary judgment . . . include **a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party** . . . ." (emphasis in original). Gonzalez failed to respond to K-Mart's Rule 56.1 Statement as required by Local Civil Rule 56.1(b). As such, each properly supported fact set forth in K-Mart's Statement may be deemed admitted for the

6

purposes of this motion. See S.D.N.Y. Civ. R. 56.1(c). As Judge Easterbrook has noted, "[j]udges are not like pigs, hunting for truffles buried in the record." Albrechtsen v. Bd. of Regents of the Univ. of Wis. Sys., 309 F.3d 433, 436 (7th Cir. 2002) (quotation omitted). Rather,

> [w]here a non-moving party defaults on a properly supported motion for summary judgment, the court is not obliged to sift through a large court record against the possibility that it will find something to warrant denial of the motion that the non-moving party has not bothered to call to its attention.

Morriseau v. DLA Piper, 532 F. Supp. 2d 595, 618 (S.D.N.Y. 2008); see also Nigro v. Dwyer, 438 F. Supp. 2d 229, 231 (S.D.N.Y. 2006) (deeming the facts in movant's Rule 56.1 statement to be true where defendant filed affidavit in opposition and attorney's affirmation in opposition, but failed to file Local Rule 56.1 statement).

**The Negligence of K-Mart Has Not Been Established**

"'Under New York law, to state a prima facie case of negligence in a slip and fall action, plaintiff must demonstrate that defendant created the offending condition or that defendant had actual or constructive notice of the condition.'" Pinnock v. Kmart Corp., No. 04 Civ 3160 (RMB), 2005 WL 3555433, at *2 (S.D.N.Y. Dec. 29, 2005) (quoting

7

Anderson v. Pathmark Stores, Inc., No. 96 Civ 3672 (JFK), 1999 WL 349707, at *2 (S.D.N.Y. May 27, 1999)); see Lemonda v. Sutton, 702 N.Y.S.2d 275, 275 (App. Div. 2000) (stating requirements for prima facie case in slip and fall under New York law); Secchi v. Waldbaums, 704 N.Y.S.2d 134 (App. Div. 2000) (same).

Here, Plaintiff has introduced no facts raising an inference that a K-Mart employee caused the hair gel to be on the floor. Gonzalez, therefore, has not established that K-Mart created the condition that allegedly caused her accident. See Cooper v. Pathmark Stores, Inc., 998 F. Supp. 218, 220 (E.D.N.Y. 1998) ("The mere fact that a puddle of liquid originated from store merchandise does not establish the creation of the puddle . . . absent either spillage by the defendant or its employees or conduct on the defendant's part which demonstrably increases the risk of creating the condition."); Quarles v. Columbia Sussex Corp., 997 F. Supp. 327, 330 (E.D.N.Y. 1998) ("The intervening act of spilling . . . creates the condition and it is not attributable to the defendant absent either spilage by the defendants' employees or conduct on the defendants' part which demonstrable increases the risk of creating the condition.").

Gonzalez, however, may still establish a prima facie case of negligence if she can demonstrate that K-Mart had actual or constructive notice of the condition that caused the accident. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Gonzalez v. Wal-Mart Stores Inc., 299 F. Supp. 2d 188, 192-93 (S.D.N.Y. 2004) (quoting Gordon v. Am. Museum of Natural History, 492 N.E.2d 774, 775 (N.Y. 1986)). Actual notice, on the other hand, "requires the plaintiff to prove that the defendants were, in fact, aware of the dangerous condition." Quarles, 997 F. Supp. at 332. As in constructive notice, however, a defendant who has actual notice of a condition is entitled to a reasonable opportunity to correct it. See Mercer v. City of New York, 670 N.E.2d 443 (N.Y. 1996) (holding plaintiff failed to meet burden where no evidence of a reasonable time to correct or warn about existence of dangerous condition was presented); Aquino v. Kuczinski, Vila & Assocs. P.C., 835 N.Y.S.2d 16, 19 (App. Div. 2007) ("[N]otice alone is not enough; the plaintiff must also show that defendant had a sufficient opportunity, within the exercise of reasonable

9

care, to remedy the situation after receiving such notice" (quotation omitted)); Mullins v. Town of Clarkstown, 583 N.Y.S.2d 652, 654 (App. Div. 1992) (finding defendant's response to dangerous condition reasonable as a matter of law).

In Mullins, plaintiff's car skidded on an icy road, causing it to skid off the road into a tree. Id. at 653. Several minutes prior to the accident, a police officer employed by defendant Town had skidded on the same patch of ice, contacted the dispatcher to report the ice patch, and requested the Highway Department be contacted and the ice removed. Id. at 652-53. Before the Highway Department had an opportunity to correct it, however, plaintiff's vehicle skidded on the same patch of ice. Id.

In deciding the motion for summary judgment, the Appellate Division affirmed that the defendant did not have a reasonable opportunity to correct the condition, holding that "as a matter of law it cannot be considered unreasonable that the salting truck did not arrive at the scene within those few minutes [between the discovery of the ice and plaintiff's accident]." Id.

Here, neither party disputes that Defendant was aware of the dangerous condition before Plaintiff's accident. According to Gonzalez, "the only issue is whether defendant's response after discovering the spill was reasonable." Gonzalez Statement at 7. Following his discovery of the hair gel on the floor, John went looking for a caution cone and paper towels to clean up the mess. John Decl. at 2. Although he was unable to find a caution cone, John returned to the spill after two to three minutes. Id. Plaintiff's accident, therefore, must have happened less than three minutes after K-Mart learned of the existence of the spill. As a matter of law, such a brief period of time is insufficient to give the Defendant a reasonable opportunity to address the situation. See Williams v. Hannaford Bros. Co., 710 N.Y.S.2d 714, 716 (App. Div. 2000) (granting summary judgment where record contained "no evidence that defendant had reasonable opportunity to clean up the spill"); Mullins, 583 N.Y.S.2d at 653.

Similarly, Plaintiff introduces no facts indicating how long the spilled hair gel may have been on the floor prior to John's discovery of it. The facts set forth above describe the inspection procedures in place by

11

in the Health and Beauty Department where the accident took place. These procedures, ensuring inspections occurred every ten to fifteen minutes during store hours, further establish that, as a matter of law, K-Mart did not act unreasonably in failing to remedy the dangerous condition. See Wesolek v. Tops Markets, Inc., 680 N.Y.S.2d 344 (App. Div. 1998) (upholding jury's verdict dismissing claim where plaintiff presented no credible evidence that spill existed for longer than five to ten minutes); Melton v. Sears, Roebuck & Co., 550 N.Y.S.2d 222, 223 (App. Div. 1990) (granting summary judgment where plaintiff failed to present evidence that dangerous condition "was allowed to exist for any appreciable time"). Without producing any facts to suggest that K-Mart had a reasonable opportunity to prevent this accident and failed to do, Plaintiff is unable to meet its burden.

**Conclusion**

Based on the foregoing, K-Mart's motion for summary judgment is granted and the Complaint is dismissed in its entirety.

It is so ordered.

New York, N.Y.
October 3/ , 2008

ROBERT W. SWEET
U.S.D.J.